1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL JOEY JONES,                              No. C 10-3401 SI (pr)

       Plaintiff,                              **ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

      v.

SAN FRANCISCO COUNTY
SHERIFF'S DEPT; et al.,

       Defendants.
_____/

**INTRODUCTION**

     Gabriel Joey Jones, an inmate at the San Francisco County Jail, filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983.  His complaint is now before the court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

     A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> <u>id</u>. at 1915A(b)(1),(2).  <u>Pro se</u> pleadings must be liberally construed.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

United States District Court
For the Northern District of California

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

2 a right secured by the Constitution or laws of the United States was violated and (2) that the

3 violation was committed by a person acting under the color of state law.  See West v. Atkins,

4 487 U.S. 42, 48 (1988).

5    In his complaint, Jones alleges that he was subjected to excessive force, was verbally

6 harassed, was denied medical care, was handcuffed and was put in disciplinary isolation on

7 several occasions at the San Francisco County Jail Facility # 5 in San Bruno.  Some of the claims

8 are missing dates, some of the incidents do not give rise to constitutional claims, and Jones'

9 writing style leaves the writer guessing as to his meaning in several places.  Overall, the

10 complaint does not give fair notice of what each defendant is alleged to have done and when

11 he/she did it.  The lack of detail prevents the court from determining which claims deserve a

12 response and from whom, and also prevents individual defendants from  framing a response to

13 the complaint.  Jones must file an amended complaint to correct the following deficiencies.

14    First, Jones contends that he was subjected to the use of excessive force on several

15 occasions, but does not allege with any clarity who did what to him or when the events occurred.

16 He alleges, for example, "I have been assaulted after being placed in restraints by deputy Chan

17 # 1252," Complaint, p. 4.  This allegation (like the allegation against deputy Williams) is

18 ambiguous because it is not clear whether deputy Chan was the person doing the assaulting or

19 some other person was the person doing the assaulting.  For each instance in which excessive

20 force allegedly was used on him, Jones should (a) identify the date on which the force was used,

21 (b) identify who used force on him, (c) describe what happened, and (d) describe what he was

22 doing at the time force was used.

23    Second, for each of his claims, Jones should allege whether he was a pretrial detainee or

24 a convict at the time of the events in question.  His status matters because claims about things

25 such as the use of force, punishment and medical care arise under the Eighth Amendment for

26 convicts and under the Fourteenth Amendment for pretrial detainees.  In his amended complaint,

27 Jones must specify whether he was a pretrial detainee or had been convicted at the time of the

28 alleged events.

Third, Jones alleges that he was refused medical treatment, but provides no details about the alleged refusal.  As with his excessive force claims, the medical care claim would arise under the Eighth Amendment if he was a convict and under the Fourteenth Amendment if he was a pretrial detainee.  For each instance in which he allegedly was denied medical treatment, Jones must explain what his medical need was and allege facts showing deliberate indifference to it.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment).   Jones should (a) describe the medical need, (b) identify the date on which the medical treatment was refused,  (c) identify who refused to provide medical treatment, (d) describe how he alerted that person to his need for medical treatment, and (e) state how the refusal to provide medical treatment affected him.

Fourth, Jones alleges that he was put in handcuffs as punishment.  In his amended complaint, he needs to allege the date on which he was put in handcuffs, who put him in handcuffs, why he was put in handcuffs, and for how long he was kept in handcuffs.  This information, as well as whether he was a pretrial detainee or convict, is necessary to determine whether the event amounts to a constitutional violation.

Fifth, Jones alleges that he was put in "disciplinary isolation" as punishment.  Complaint, p. 4.  As with the handcuffing claim, Jones needs to provide the details, i.e., he needs to allege the date on which he was put in disciplinary isolation, who put him there, why he was put there, and for how long he was kept there.

Sixth, Jones claims that he was threatened and verbally harassed.  These alleged incidents are not actionable under 42 U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a

federally protected right").  This is so even if the verbal harassment is racially motivated.  See Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners); Burton, 791 F.2d at 101 n.1 (use of racial slurs in prison does not offend Constitution).  The verbal harassment and threat claims are dismissed.

Seventh, Jones states, "attached is a list of other deputy staff members who has participated in violating my 8th Amendment civil rights,"  Complaint, p. 5, but has not attached any such list to the complaint.   As to every defendant he seeks to hold liable, Jones must name him/her in his amended complaint and must allege his claim(s) against him/her.  In his amended complaint, he should describe what each defendant did (or failed to do) that caused a violation of his constitutional rights so that each proposed defendant has fair notice of his allegedly wrongful conduct.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal participation by a defendant).

Eighth, the complaint has several claims that may not be properly joined under Federal Rule of Civil Procedure 20(a).  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."  Jones' complaint concerns several different incidents that may not be connected, although their relatedness (or lack thereof) cannot be determined at this time because of the absence of factual details about many claims.  In his amended complaint, Jones may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.  Jones needs to choose what claims he wants to pursue that meet the joinder requirements.

/   /   /

/   /   /

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend.  The amended complaint must be filed no later than **April 15, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: February 23, 2011

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California