UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL JOEY JONES,

    Plaintiff,

v.

SAN FRANCISCO COUNTY
SHERIFF'S DEPT; et al.,

    Defendants.

                            /

No. C 10-3401 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Gabriel Joey Jones, an inmate at the San Francisco County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint, identified particular deficiencies and dismissed it with leave to amend. Jones then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In his amended complaint, Jones alleges the following occurred while he was a pretrial detainee at the San Francisco County Jail # 5: On or about May 18, 2010, senior deputy Wong put Jones in handcuffs, punched him and used other unnecessary force on him. Jones was put in disciplinary housing for two hours before being returned to his regular housing unit and was not allowed to see medical staff. On or about July 13, 2010, senior deputy Williams handcuffed him and took him to an interview room where Williams and deputy Chan used unnecessary force on him. He was put in disciplinary isolation for 4-6 hours before being returned to his housing unit and was not allowed to see medical staff.

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)). If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Bell, 441 U.S. at 539. Liberally construed, the amended complaint states a § 1983 claim against defendants Williams, Wong, and Chan for due process violations based on their alleged use of excessive force.

The amended complaint does not, however, state a cognizable claim based on Jones' placement in disciplinary housing for one period of two hours and another period of up to six hours. When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). With no allegation of any particularly onerous conditions in the disciplinary housing unit, the amount to time for which Jones was put in segregated housing was so short that his stays there did not amount to punishment of constitutional dimensions.

The amended complaint also does not state a claim with regard to the denial of medical

attention. The court provided these instructions for amending the medical care claim:

> For each instance in which he allegedly was denied medical treatment, Jones must explain what his medical need was and allege facts showing deliberate indifference to it. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment). Jones should (a) describe the medical need, (b) identify the date on which the medical treatment was refused, (c) identify who refused to provide medical treatment, (d) describe how he alerted that person to his need for medical treatment, and (e) state how the refusal to provide medical treatment affected him.

Order of Dismissal With Leave To Amend, p. 3. Jones alleges that he had back and rib cage pain after one of the alleged uses of force, but his amended complaint does not disclose any serious medical need, and does not allege that the alleged refusal to provide medical treatment caused any actual harm to him. Even with liberal construction, the amended complaint does not allege sufficient facts to state a § 1983 claim with regard to the alleged refusal to provide medical care. Additionally, despite being instructed that he needed to allege who refused to provide medical treatment, Jones did not do so.

Plaintiff has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 8.)

**CONCLUSION**

1. The amended complaint states a cognizable § 1983 claim against San Francisco County Sheriff's senior deputy Wong (badge # 1669), senior deputy Williams (badge # 1313), and deputy Chan (badge # 1252) for the use of excessive force in violation of Jones' right to due process. All other claims and defendants are dismissed.

3

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following three persons who apparently are employed by the San Francisco County Sheriff's Department and work at San Francisco County Jail # 5 (San Bruno facility): senior deputy Wong (badge # 1669), senior deputy Williams (badge # 1313), and deputy Chan (badge # 1252).

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **July 22, 2011**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **August 26, 2011**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if

4

granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        c.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **September 9, 2011**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant. Once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address every time he is moved to a new facility or is released from custody.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

8. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 8.)

9. The application to proceed in forma pauperis that plaintiff filed on April 8, 2011 is DISMISSED as unnecessary because pauper status already was granted. (Docket # 9.)

IT IS SO ORDERED.

Dated: May 2, 2011

                                                                _____
                                                                SUSAN ILLSTON
                                                             United States District Judge